# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0345 | **DATE** | 5/17/2013 |
| **CASE TITLE** | Williams vs. Markoff Krasny, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss [8] is granted for the reasons explained below. Plaintiff's complaint is dismissed in its entirety, and the clerk is directed to terminate the case.

■[ For further details see text below.]

Docketing to mail notices.
Mail AO 450

## STATEMENT

Plaintiff Valerie Williams has brought a five-count complaint against Defendant Markoff Krasny, LLC ("Markoff"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and state law. Markoff moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 27, 2013. Plaintiff requested and was granted an extension of time to respond to the motion to dismiss. Her response was due by April 29, 2013, but none was filed. The court therefore considers the motion to dismiss fully briefed.

Plaintiff alleges that Markoff filed Registrations of Administrative Judgments on or about April 24, 2012, and December 26, 2012, in the Circuit Court of Cook County, in the amounts of $1,540.00 and $1,240.00. On or about August 21, 2012, Markoff submitted to the state court an Affidavit for Wage Deduction, and on or about August 27, 2012, Plaintiff received notification from her employer that her wages were being garnished. Plaintiff claims that she was not given an opportunity to validate the debt, was not notified of attempts to collect the debt, and was not properly notified of court hearings. She filed a response in state court objecting to the proceedings and the debt on September 19, 2012. The state court granted an Order of Stay of Execution on or about December 19, 2012. Plaintiff alleges that Markoff continues to attempt to collect the debt.

Plaintiff alleges in Counts I, II, III, and IV that Markoff acted as a debt collector, misrepresented a debt to the courts and to Plaintiff's employer, improperly attempted to collect the debt, and failed to verify and validate the debt upon request, in violation of the FDCPA, 15 U.S.C. § 1692a, e, g, and k. Plaintiff alleges in Count V that Markoff violated the FCRA, 15 U.S.C. § 1681s-2(b), by making false statements to credit reporting agencies, including misrepresenting that Plaintiff was personally liable for a debt. Plaintiff also alleges that she was injured by "slander," which the court construes as a state-law claim of defamation.

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must include "sufficient detail to give the defendants fair notice" of the claims alleged against them. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give

**STATEMENT**

enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the complaint as true, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Although a court generally does not consider matters outside the pleadings, the court may "take judicial notice of matters of public record," such as the orders of other courts. *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Markoff argues that Plaintiff is not a "consumer" who owes a "debt," as defined under 15 U.S.C. § 1692(a)(4) and (a)(5), and is therefore not entitled to seek relief under the FDCPA. The court agrees that Plaintiff's FDCPA claims fail for this reason. In *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074 (7th Cir. 2011), the Seventh Circuit held that unpaid fines owed to the City were not "debts" covered by the FDCPA and affirmed the dismissal of an FDCPA claim. Here, as in *Gulley*, the state-court orders, of which this court takes judicial notice, indicate that Markoff sought to collect fines resulting from the violation of municipal ordinances. (*See* Mot. to Dismiss Ex. A, B, C, ECF No. 8.) Thus, the allegations in Plaintiff's complaint do not state a claim under the FDCPA. Counts I, II, III, and IV are dismissed with prejudice.

As to Plaintiff's FCRA claim in Count V, Markoff argues that the claim is barred by the *Rooker-Feldman* doctrine, because it requires the court to review a final administrative judgment registered with the Circuit Court of Cook County. The court agrees. *Rooker-Feldman* bars a federal plaintiff from pursuing claims that directly seek review of a state-court judgment or are "inextricably intertwined" with it. *Taylor v. Fed. Nat'l Mortg. Assn.*, 374 F.3d 529, 532-33 (7th Cir. 2004). The doctrine prohibits federal jurisdiction over claims seeking review of state-court judgments, even if they are wrong or unconstitutional. *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008). Federal claims are also subject to the *Rooker-Feldman* bar if they allege an injury that was caused by the state-court judgment, or they indirectly seek to set aside the judgment. *Taylor*, 374 F.3d at 533. In those cases, the federal court must determine whether the plaintiff could have raised the issue in the state-court proceedings; if she could have done so, the claim is barred. *Id*.

Here, Plaintiff alleges that Markoff made false statements to credit reporting agencies, including misrepresenting that Plaintiff was personally liable for a debt. This claim is "inextricably intertwined" with the orders of the Circuit Court of Cook County. The state court ordered that Plaintiff, the defendant in the state-court proceedings, was personally liable for administrative money judgments owed to the City of Chicago. (*See* Mot. to Dismiss Ex. A, B, C, ECF No. 8.) To find that any statements made by Markoff were "false" would require the court to delve into the merits of those state-court orders to determine whether the judgments were accurate. Moreover, Plaintiff had the opportunity to challenge the administrative judgments in state court. The court concludes that Plaintiff's FCRA claim is barred by the *Rooker-Feldman* doctrine and dismisses Count V.

Finally, Markoff argues that Plaintiff's defamation claim fails because the allegedly defamatory publication was a wage deduction proceeding, and absolute privilege bars defamation claims based on statements made during a judicial proceeding. It is "well-settled law in Illinois that 'anything said or written in the course of a legal proceeding is protected by an absolute privilege.'" *Cartwright v. Cooney*, No. 10 C 1691, 2013 WL 842655, at *4 (N.D. Ill. Mar. 6, 2013) (quoting *Zanders v. Jones*, 680 F. Supp. 1236, 1238 (N.D. Ill. 1988)). The court concludes that Markoff's actions fell within the privilege, because "[g]arnishment and wage deduction summonses are court processes." *McGrew v. Heinold Commodities, Inc.*, 497 N.E.2d 424, 432 (Ill. App. Ct. 1986). The garnishment proceeding "was made to achieve the objects of the litigation[] and involved litigants or other participants authorized by law." *Edelman, Combs, and Latturner v. Hinshaw & Culbertson*, 788 N.E.2d 740, 748-49 (Ill. App. Ct. 2003) (internal quotation omitted). Plaintiff's slander claim is dismissed as barred by absolute privilege. Plaintiff's complaint is thus dismissed in its entirety, and the case is terminated.